UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff(s),                              Criminal No. 17-378-1 (DRD)

v.

JUAN B. VELEZ-MEDINA [1],

    Defendant(s).

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION RE: SUPPRESSION

Pending before the Court are the following motions: (a) *Motion to Suppress Evidence Obtained in Violation of the Fourth Amendment to the Constitution of the United States* filed by the defendant Juan B. Velez-Medina (hereinafter the "defendant" or "Velez-Medina"), at Docket No. 23; (b) the *United States of America's Response in Opposition to Motion to Suppress* filed at Docket No. 26; (c) *Minutes of Proceedings* held on December 13, 2017 filed at Docket No. 37; (d) the *Report and Recommendation* issued by the United States Magistrate Judge Silvia Carreno-Coll (hereinafter "Magistrate Judge"), filed on May 3, 2018 at Docket No. 44; and, (e) the defendant's *Objections to United States Magistrate's Report and Recommendation* filed at Docket No. 48. For the reasons set forth below, the defendant's motion to suppress is denied.

**Factual and Procedural Background**

Defendant was indicted by the Grand Jury on June 21, 2017, filed at Docket No. 13. The facts that triggered the Indictment may be summarized as follows in Count One, "**Prohibited Person in Possession of Firearm and Ammunition: Convicted Felon, 18 United States Code § 922(g)(1).**"

> On or about June 15, 2017, in the District of Puerto Rico and within the jurisdiction of this Court, Juan B. Velez-Medina, the defendant herein, did knowingly and lawfully possess in and affecting the interstate commerce, firearms and ammunition, as those terms are defined in Title 18, United States Code, § 921(a)(3) and (17)(A) respectively, that is a Beretta pistol, model PX4, 40,,caliber, serial number PY19585, loaded with a magazine with fourteen (14) rounds of .40 caliber ammunition and a magazine loaded with thirteen (13) rounds of .40 caliber ammunition, said firearm and ammunitions having been shipped and transported in interstate or foreign commerce. All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2)." *See* Docket No. 13.

The Indictment also included a **Firearms and Ammunition Forfeiture Allegation** under 18 U.S.C. § 924(d) & 28 U.S.C. § 2461(c):

> The allegation contained in Count One of this Indictment is hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c). Upon conviction of the offense in violation of Title 18, United States Code, Section 922(g)(1), set forth in Count One of this Indictment, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved or used in the commission of the offense, including, but not limited to a Beretta pistol, model PX4, 40mm caliber, serial number PY19585, two (3) magazines and twenty-seven rounds of .40 caliber ammunition. All pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

On June 26, 2017, the defendant filed a Waiver of Personal Appearance at Arraignment and Entry of Plea at Docket No. 15. On June 29, 2017, the Court approved the Waiver of Personal Appearance at Arraignment, and a plea of not guilty was entered as to Count One. *See Order* of June 29, 2017 at Docket No. 16. An *Order Setting Conditions of Release* was entered on June 30, 2017, at Docket No. 17.

On July 30, 2017, the defendant filed a *Motion to Suppress* at Docket No. 23. The Government filed an opposition on August 10, 2017, at Docket No. 29. On August 11, 2017, the matter was referred to the Hon. U.S. Magistrate Judge Silvia Carreno-Coll ("U.S. Magistrate Judge"), for report and recommendation. *See* Docket entries No. 31, 32.

On December 13, 2017, the U.S. Magistrate Judge Carreno presided over the suppression hearing, which lasted one full day. The record shows that the Government presented three witnesses, to wit, PRPD Officers Samuel Martinez-Jimenez, Edwin Camacho-Rivera, and PRPD Sergeant William Santiago-Cordero. Defendant Juan B. Velez-Medina testified as well as his father Pedro Velez-Padro. Several exhibits were presented and admitted into evidence. *See Minutes* of December 13, 2017. *See* Docket entries No. 37, 38, 39.

On May 3, 2018, U.S. Magistrate Judge Carreno entered a *Report and Recommendation* at Docket No. 44, denying the motion to suppress. The defendant filed his objections to the *Report and Recommendation* on June 18, 2018 at Docket No. 48. The Government filed its *Response to Velez-Medina's Opposition to Magistrate Judge's Report and Recommendation* at Docket No. 56.

**Standard of Review**

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (2018); Rule 72(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."); Rule 72 of the Local Rules for the District of Puerto Rico ("Local Rules"). *See Mathews v. Weber*, 423 U.S. 261 (1976). As a general rule, an adversely affected party may contest the Magistrate Judge's report and recommendation by filing its objections within fourteen (14) days after being served a copy thereof. *See* Local Rule 72(d); Fed.R.Civ.P. 72(b). Moreover, 28 U.S.C. § 636(b)(1), in its pertinent part, provides that:

> Within fourteen days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

"The district judge need not normally conduct a new hearing and may consider the record developed before the magistrate judge, making his or her own determination on the basis if that record." *See* Local Rule 72(d), as amended on April 12, 2018.

However, "[a]bsent objection by the plaintiffs, [a] district court ha[s] a right to assume that [a party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985), *cert. denied*, 474 U.S. 1021 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." *Davet v. Maccarone*, 973 F.2d 22, 30-31 (1st Cir. 1992). *See also Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-151 (1st Cir. 1994) (holding that specific objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); *Lewry v. Town of Standish*, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); *Keating v. Secretary of H.H.S.*, 848 F.2d 271, 275 (1st Cir. 1988); *Borden v. Secretary of H.H.S.*, 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a *de novo* review, "however he was not entitled to a *de novo* review of an argument never raised"). *See generally United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

**Hence, the standard for review of an objected report and recommendation is *de novo* review of those matters properly objected**. (Emphasis ours). *See Borden v. Secretary of H.H.S.*, 836 F.2d at 6. The Court, therefore proceeds, as the *Report and Recommendation* has been objected, to review the *Report and Recommendation* of the Magistrate Judge *de novo*, only as to those parts that have been objected. *Borden v. Secretary of H.H.S.*, *supra*.

The Court in order to accept unopposed portions of the Magistrate Judge's *Report and Recommendation*, needs only satisfy itself that there is no "plain error" on the face of the record. *See Douglass v. United Servs. Auto, Assoc.*, 79 F.3d 1415, 1419 (5th Cir.1996)(*en banc*) (extending the deferential "plain error" standard of review to the un-objected to legal conclusions of a magistrate judge); *see also Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir.1982) (*en banc*) (appeal from district court's acceptance of un-objected to findings of magistrate judge reviewed for "plain error"); *see also Nogueras-Cartagena v. United States*, 172 F.Supp.2d 296, 305 (D.P.R.2001) (finding that the "Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous") (adopting the Advisory Committee note regarding Fed.R.Civ.P. 72(b)); *see also Garcia v. INS*, 733 F.Supp. 1554, 1555 (M.D.Pa.1990) (finding that "when no objections are filed, the district court need only review the record for plain error").

In sum, an adversely affected party may "contest the [m]agistrate [j]udge's report and recommendation by filing objections. *United States v. Mercado*, 286 F.Supp.2d 231, 233 (D.P.R.2003) (citing 28 U.S.C. § 636(b)(1))." If objections are timely filed, the district judge shall "make a *de novo* determination of those portions of the report or specified findings or recommendation to which [an] objection is made." *Rivera de Leon v. Maxon Eng'g Servs.*, 283

F.Supp.2d 550, 555 (D.P.R.2003).

## Analysis

As stated above, the *Report and Recommendation* issued by U.S. Magistrate Judge Carreno, Docket No. 44, has been objected. Hence, the standard of review is *de novo* as to the objected matters. The Court hereby adopts *in toto* all the unobjected matters.

The facts in this case occurred on June 15, 2017, during a routine traffic intervention, on or about 5:28 a.m., in the Municipality of Arecibo. Defendant was detained as the radar of the Puerto Rico Police Department ("PRPD") showed that the defendant was driving at 45 miles per hour in a 35 miles per hour zone. *See Report and Recommendation*, Docket No. 44, p. 3. Further, Agent Martinez testified that the defendant's vehicle "was the only vehicle that went past the patrol car on the road at that time." *See Report and Recommendation*, Docket No. 44, p.3. Further, the defendant did not have a driver's license. *See* Docket No. 39-1, p.11.

While Agent Martinez was talking to the defendant, Agent Camacho approached the vehicle by the passenger's side, and "Agent Martinez looked at Agent Camacho and the latter signaled him with his right hand and right index finger, making the sign of a firearm trigger." *See Report and Recommendation*, Docket No. 44, p.4. "Agent Martinez asked the driver of if he was a corrections officer, a security guard, or whether he had a license to carry a firearm." *Id.* "Before the defendant answered, Agent Camacho asked him to step out of the vehicle, placed him under arrest, and read him his Miranda rights." *Id.*

The record shows that, "[w]hen the agents approached the vehicle and asked for the proper registration and driver's license, the agent who was near the passenger's door, using a flashlight observed under the driver's seat area what appeared to be the grip of firearm, desert sand in color."

*See* the *United States of America's Response in Opposition to Motion to Suppress* at Docket No. 26, p.5. "From the position of the agent, it is logical to believe that the weapon was visible. Because of this observation, and the peculiar color of the gun, the agent asked Defendant if he was a law enforcement officer, to which he responded in the negative. At this point, the agents had probable cause to arrest Defendant and seize the firearm." *See* Docket No. 26, p.6.

Hence, "even assuming *arguendo*, that Agent Camacho had not seen the gun, the PRPD agents could have searched the areas of the car in which a weapon could have been hidden without violating defendant's Fourth Amendment rights. *See United States v. Taylor*, 162 F.3d 12, 20 (1st Cir.1988)." *See Report and Recommendation*, Docket No. 44, p.19. "But Agent Camacho did see a gun, or so the government claims, and I do not have any compelling reason to doubt the government's version." *Id.*

The defendant was arrested by Agent Camacho, who informed Mr. Velez-Medina, "that he was arresting him because there was a firearm under the seat." *Id.*, p.4. The defendant admitted to Agent Martinez that indeed he had the weapon. *See Report and Recommendation*, Docket No. 44, p.5. "All through the initial stop and arrest, the defendant was cooperative and did not resist." *Id.* "While the defendant was standing outside the vehicle, Agent Martinez issued traffic tickets for speeding and for not carrying a driver's license." *See Report and Recommendation*, Docket No. 44, p.5.

The Court stops here.

In view of the fact that there are several charges, to wit: (a) speeding in an area in which the maximum permitted speed was 35 miles per hour, *see* Docket No. 39-1, p.11; (b) the defendant had no driver's license, *see* Docket No. 39-1, p.p.11-12; (c) the vehicle was not registered under the

defendant's name but under the name of Melissa Muniz Rivera, *see* Docket No. 39-1, p.12; (d) the defendant had a weapon inside the vehicle, as Agent Camacho was asking him whether he had a gun and placed the defendant under arrest, *see Report and Recommendation*, Docket No. 44, p.p.4-5; and (e) the defendant did not have a weapon's license, *see Report and Recommendation*, Docket No. 44, p.7, is sufficient enough to deny defendant's suppression request.

The Court further agrees and adopts the U.S. Magistrate Judge's finding, "[o]nce Agent Camacho saw a weapon, which was located, near the defendant's person, the agents were well within their right to seize the gun." *See Report and Recommendation*, Docket No. 44, p.19. "The 'plain view' exception permits officers to seize objects that are in plain view without a warrant where: (1) the officer was legally in a position to observe the seized evidence; (2) the officer had a lawful right of access to the evidence itself; and (3) the incriminating nature of the evidence was immediately apparent to the officer. *See Horton v. California*, 496 U.S. 128, 134 (1990)." *See Report and Recommendation*, Docket No. 44, p.p.19-20.

Likewise, the Court adopts the U.S. Magistrate Judge's conclusion: "Applying those factors to this case, I find that the plain view exception applies and that Agent Camacho properly seized the gun from [defendant] Velez-Medina's automobile." *See Report and Recommendation*, Docket No. 44, p.20. "The agents were legally in a position to observe the seized evidence as they were conducting a valid *Terry* stop. They also had a lawful right to access the gun because they were entitled to conduct a protective sweep. Lastly, the sighting of the gun made the nature of the evidence readily apparent." *Id.*, p.20.

**Conclusion**

For the reasons set forth above, the Court finds that there is **no plain error** in the U.S. Magistrate Judge's *Report and Recommendation*, Docket No. 44. Hence, the *Report and Recommendation* is hereby adopted *in toto*, as supplemented herein.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 31st day of October 2018.

s/Daniel R. Dominguez  
DANIEL R. DOMINGUEZ  
Senior United States District Judge